In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2308

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

OCTAVIO VILLEGAS-MIRANDA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 CR 130—**George W. Lindberg**, *Judge.*

ARGUED MAY 7, 2009—DECIDED AUGUST 27, 2009

Before FLAUM and WILLIAMS, *Circuit Judges*, and
LAWRENCE, *District Judge*.[*]

WILLIAMS, *Circuit Judge.*   Octavio Villegas-Miranda
believes that the government intentionally delayed charg-
ing him with illegal reentry, a federal crime, while he

---

[*] The Honorable William T. Lawrence, United States District
Court Judge for the Southern District of Indiana, sitting by
designation.

was in state custody on a domestic battery charge. This delay, he claims, was designed to deprive him of the opportunity to serve his federal sentence concurrent with the remainder of his state sentence.

At sentencing, he asked the district court to lower the federal sentence that it intended to impose so that he could receive credit for the lost opportunity to serve it concurrently with the end of his state sentence. In support of this argument, he pointed to decisions from several other circuits which recognize that a district court may issue lower sentences to compensate for such delays. Unfortunately for Villegas-Miranda, the district court did not address this argument during his sentencing hearing. Because we find that this argument had legal and factual merit, under *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005), the district court was required to specifically address it. It did not, so we remand this matter for resentencing.

## I. BACKGROUND

Octavio Villegas-Miranda is a Mexican national who is not a United States citizen. Since emigrating from Mexico to the United States in 1990 as a youth, Villegas-Miranda has been arrested sixteen times and convicted of twelve crimes, including, among other things, domestic battery, sale of narcotics, and driving under the influence. After a conviction for domestic battery in June 2002, Villegas-Miranda was deported to Mexico. After sneaking back into the United States, he was convicted of violating 8 U.S.C. § 1326, which prohibits reentry into the United

States by a non-citizen previously convicted of an aggravated felony, and was again deported.

During his third trip to the United States, on May 6, 2006, Villegas-Miranda was again arrested for domestic battery. He pleaded guilty in state court and was sentenced to thirty months' imprisonment. Villegas-Miranda was supposed to be paroled from state custody on February 9, 2007, but was held on a federal immigration detainer until February 12, 2007, when a federal immigration officer arrived and once again charged him with illegal reentry pursuant to 8 U.S.C. § 1326.

Villegas-Miranda pleaded guilty to illegal reentry without a plea agreement. His Sentencing Guidelines range was seventy-seven to ninety-six months' imprisonment. It is undisputed that in his sentencing memorandum, and during his sentencing hearing, he made two primary arguments in requesting a below-Guidelines sentence: (1) his daughter was ill and he needed to be with her; and (2) the district court should exercise its discretion and issue a sentence at least nine months below the bottom of the advisory Guidelines range to effectively credit him with the time served in state prison on the battery charge (his "concurrent sentences" argument). The gist of Villegas-Miranda's second argument was that if the government had charged him with illegal reentry when he was arrested on May 6, 2006 (or any reasonable time prior to his release from state custody), the district court would have been able to sentence him concurrently with his state time. Since the government did not do so, Villegas-Miranda lost the

opportunity to serve his state and federal sentences concurrently, and he asked the district court to compensate for this by issuing a below-Guidelines sentence.

The district court acknowledged that it had "perused [Villegas-Miranda's] rather extensive sentencing memorandum" and found it to be "well drafted and very persuasive." It then rejected Villegas-Miranda's family situation argument because it found that his presence in the household exacerbated the situation (by assaulting his family members) rather than alleviating it. It stated that a high, within-Guidelines sentence was appropriate because of Villegas-Miranda's extensive criminal history and because he repeatedly reentered the United States after being deported. The court sentenced him to ninety months' imprisonment and three years' supervised release. The court did not address Villegas-Miranda's second principal argument, that a below-Guidelines sentence should be imposed to effectively credit him with time served in state prison.

## II. ANALYSIS

### A. The District Court Was Required, But Failed to, Address All Principal Arguments that Were "Not So Weak As to Not Merit Discussion"

Villegas-Miranda argues that the district court's failure to respond to his argument that it should issue a below-Guidelines sentence to compensate him for the lost opportunity to serve his state and federal sentences concurrently, as a result of the government's purported delay

in charging him with illegal reentry, requires us to remand for resentencing. The government disagrees because it contends that: (1) the district court adequately stated its reasons for issuing Villegas-Miranda's ninety month sentence; and (2) Villegas-Miranda's "concurrent sentences" argument was sufficiently weak so as to not require a response from the district court.

We review a district court's sentencing decisions for reasonableness, but its sentencing procedures under a non-deferential standard. *United States v. Mendoza*, 510 F.3d 749, 754 (7th Cir. 2007). A within-Guidelines sentence is presumed reasonable. *United States v. Omole*, 523 F.3d 691, 696 (7th Cir. 2008) (citing *Rita v. United States*, 551, U.S. 338 (2007)). A sentencing court need not comprehensively discuss each of the factors listed in 18 U.S.C. § 3553(a). *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). Rather, it must give the reasons for its sentencing decision and address all of a defendant's principal arguments that "are not so weak as to not merit discussion." *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).

The government first contends, relying on *United States v. Millet*, 510 F.3d 668 (7th Cir. 2007), that because the district court gave sound reasons for its within-Guidelines sentence (Villegas-Miranda's criminal history and repeated illegal reentry into the United States), its failure to address Villegas-Miranda's "concurrent sentences" argument does not merit remand. In *Millet*, we found that a sentencing court gave an adequate statement of its reasons for issuing a within-Guidelines sentence for

drug and conspiracy offenses, even though it did not address each of the defendant's arguments for a be-low-Guidelines sentence in detail or specifically address each of the section 3553(a) factors because, among other things, the court's statements as a whole indicated beyond a doubt that it considered all of the section 3553(a) factors. *Id*. at 679-80.

Contrary to the government's assertion, *Millet* does not control here. Millet's argument on appeal was that the sentencing court erred by not specifically addressing every section 3553(a) factor and/or by failing to respond to each of his arguments for a lower sentence in detail. *Id*. *Dean* and *Cunningham* foreclosed these questions; the court need not discuss each section 3553(a) factor at sentencing and need not respond to every pithy argument that a defendant raises, just the "principal" ones. *Dean*, 414 F.3d at 729; *Cunningham*, 429 F.3d at 676-79 (citing *United States v. Williams*, 425 F.3d 478, 479 (7th Cir. 2005)). Villegas-Miranda's argument on appeal, however, is not that the court did not adequately state its reasons for imposing his sentence, but rather that it failed to specifically address his principal argument for a lower sentence. *Cunningham* addresses this question as well. The court must state its reasons for rejecting a defendant's principal arguments if the arguments have merit. *Cunningham*, 429 F.3d at 679 ("We cannot have much confidence in the judge's considered attention to the factors in this case, when he passed over in silence the principal argument made by the defendant even though the argument was not so weak as not to merit discussion, as it would have been if anyone acquainted

with the facts would have known without being told why the judge had not accepted the argument. . . . A judge who fails to mention a ground of recognized legal merit (provided it has a factual basis) is likely to have committed an error or oversight."). Even if the sentencing court stated convincing reasons for the sentence it imposed, we cannot find its silence in response to a defendant's principal argument to be harmless error because we can never be sure of what effect it had, or could have had, on the court's decision. *Id*. Given that there is no dispute that Villegas-Miranda's "concurrent sentences" argument was one of his two principal arguments, if it "was not so weak as to not merit discussion," the sentencing court was required to respond to it. *See id*. Although the district court listened at length to Villegas-Miranda's "concurrent sentences" argument, we cannot take on faith that it adequately considered the argument where it "passed it over in silence." *Id*.

The government next contends that Villegas's "concurrent sentences" argument is weak enough not to merit discussion because: (1) it is not an argument of recognized legal merit; and (2) it lacks a factual basis. Several circuits have recognized that a district court has the authority to issue a below-Guidelines sentence based on the delay between the time federal immigration officials discovered that a defendant illegally reentered the United States and the time that the government charged him with illegal reentry. *See, e.g., United States v. Barrera-Saucedo*, 385 F.3d 533, 537 (5th Cir. 2004) (holding that it was "permissible for a sentencing court to grant a downward departure to an illegal alien for all or part of

time served in state custody from the time immigration authorities locate the defendant until he is taken into federal custody."); *United States v. Sanchez-Rodriguez*, 161 F.3d 556, 562 (9th Cir. 1997) (en banc) (holding that a downward departure may be granted based on a defendant's lost opportunity to serve his federal sentence concurrently with his state sentence due to the delay in commencing federal proceedings after immigration authorities discovered him in state custody); *United States v. Los Santos*, 283 F.3d 422, 428-29 (2d Cir. 2002) (holding same if defendant can show that the delay in the federal prosecution was in bad faith or that it was longer than reasonable); *see also United States v. Saldana*, 109 F.3d 100, 104 (1st Cir. 1997) (noting that it was "possible" that a departure might be granted "where a careless or even an innocent delay produced sentencing consequences so unusual and unfair that a departure" would be warranted).

Our circuit has not definitively ruled on whether a district court may give a defendant a lesser sentence based on his lost opportunity to receive his federal time concurrent with his state time. *See United States v. Lechuga-Ponce*, 407 F.3d 895, 897-98 (7th Cir. 2005) (recognizing defendant's argument that sentencing court could have downward departed to reflect lost opportunity to serve concurrent sentences but refusing to reach the merits because defendant did not raise this argument before the sentencing court); *United States. v. Jimenez-DeGarcia*, 256 F. App'x. 830, 832-33 (7th Cir. 2007) (unpublished) (declining to reach merits of similar "concurrent sentences" argument where sentencing court

concluded that it could not reach this argument, but stated that even if it could, it would not have reduced the defendant's sentence).

The government is correct that none of our sister circuits have provided extensive reasoning for allowing sentencing courts to reduce a defendant's sentence based on his lost opportunity to serve state time concurrently with the federal time he received for his illegal reentry conviction other than that the Guidelines are advisory. It is also correct that the congressional purpose behind U.S.S.G. § 5G1.3 (which allows courts to impose federal sentences concurrent with state sentences) is to prevent a defendant from serving duplicative sentences for the same criminal act. *See United States v. Blackwell*, 49 F.3d 1232, 1241 (7th Cir. 1995); *but see* U.S.S.G. § 5G1.39(c) ("(Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."). Here, as the government argued at length during Villegas-Miranda's sentencing hearing, Villegas-Miranda's state crime, domestic battery, and his federal crime, illegal reentry, represent completely separate and distinct crimes, and, as a result, reducing his sentence to compensate him for the time he spent in state custody would not further the policy behind U.S.S.G. § 5G1.3 (although this idea has not prevented our sister circuits from allowing sentencing courts to reduce a defendant's sentence to credit him with state time served, nor does

it directly conflict with the Guideline's policy statement). In any event, all of these arguments are of no import because the question before us is not whether the district court should or can downward depart for this reason (we take no position), but whether Villegas-Miranda's "concurrent sentences" argument has legal merit such that the sentencing court needed to address it. Given that several circuit courts have held that a sentencing court can downward depart for this reason, and we have not explicitly ruled on it (and need not rule on it here), a defendant is reasonable to believe that it may succeed, and we find this argument to be legally meritorious.

The government also argues that Villegas-Miranda's "concurrent sentences" argument lacks factual merit because Villegas-Miranda does not have sufficient evidence tending to show that immigration authorities knew of his illegal reentry prior to charging him, and therefore he cannot prove that there was an intentional delay. This argument is belied by the fact that immigration authorities immediately held him on a detainer upon his release from state custody. Although the issuance of this detainer and Villegas-Miranda's release from state prison occurring at the same time may be pure coincidence, it is not unreasonable for a sentencing judge to assume that the government had knowledge of Villegas-Miranda's location and simply chose to wait for his release to bring federal charges. Further, Villegas-Miranda argued at sentencing that he requested the immigration detainer and other paperwork in an effort to show that the government knew of his illegal reentry

around the time of his arrest, but never received a response from the government. The existence of an immigration detainer, while not necessarily the strongest evidence that the government could have charged Villegas-Miranda sooner, is enough of a factual basis for a district court to conclude that a delay occurred, and, if it so chooses, reduce Villegas-Miranda's sentence to reflect that time that he could have served concurrently.

In summary, Villegas-Miranda's "concurrent sentences" argument had legal and factual merit, and, given that it was one of his principal arguments, *Cunningham* dictates that the sentencing court needed to address it.

## III. CONCLUSION

For the foregoing reasons, we VACATE Villegas-Miranda's sentence and REMAND this case to the district court for resentencing.