NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued February 17, 2010
Decided March 24, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2112

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 08 CR 193 |
| MARIO SALAS-RODRIGUEZ, | |
| *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Mario Salas-Rodriguez was arrested in September 2006 and charged with driving while intoxicated—his fifth such arrest. This time, however, the police discovered what others had apparently, and inexplicably, missed on the first four occasions: Salas-Rodriguez was in the United States illegally, having been previously removed from the country in 1992 following an aggravated felony conviction for possession of cocaine with intent to deliver. He was convicted on the state charges and sentenced to two years in jail and two years of supervised release. He was released from state custody in January 2009.

Just a month before his release, he was federally indicted on charges of illegal re-entry by a previously deported alien in violation of 18 U.S.C. § 1326(a). He eventually

pleaded guilty.   The Presentence Investigation Report ("PSR") recommended a Guidelines range of 77 to 96 months, largely due to his felony conviction.  Salas-Rodriguez did not object to the PSR, but, in a presentence filing and at the sentencing hearing, Salas-Rodriguez asked the court to disregard the Guidelines for illegal re-entry cases because they resulted in an inappropriately harsh sentence based on a 17-year-old conviction. He also noted in his presentence filing that the government's "delay foreclosed the possibility of a concurrent or partially concurrent sentence" and at the sentencing hearing his attorney noted that the delay "completely foreclosed any argument that I would have for concurrent or partially concurrent time." At no point did Salas-Rodriguez expressly ask the district court to reduce his sentence to account for the time that he had already served in state court.  The district court rejected the arguments about the undue harshness of the Guidelines in re-entry cases. It did not discuss the possibility of reducing the federal sentence to account for the time served on his unrelated state sentence.  Salas-Rodriguez was sentenced to 84 months' imprisonment.  He appeals, claiming that the court erred by failing to discuss its rationale for declining to give a reduced sentence due to the lost opportunity for concurrent sentences.

We review the reasonableness of a sentence under an abuse-of-discretion standard, and we presume a sentence reasonable when it falls within the Guidelines.  *United States v. Omole*, 523 F.3d 691, 696 (7th Cir. 2008).  But a district court must follow proper sentencing procedure, which includes addressing all of a defendant's principal arguments that are "not so weak as not to merit discussion."  *United States v. Villegas-Miranda*, 579 F.3d 798, 801 (7th Cir. 2009); *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).  Although our circuit has not taken a definitive position on whether a sentencing court may reduce a defendant's sentence based on a lost opportunity to serve it concurrently with that of an entirely unrelated state crime, we have held that—at least unless and until we decide to the contrary—the argument is not so weak as to justify a district court in ignoring it altogether. *Id.* at 803.

The problem for Salas-Rodriguez is that he did not even request the district court to reduce his sentence based on the time served in state court—much less offer this as one of his principal arguments.  Rather than ask the district court to reduce his sentence to account for his lost opportunity, Salas-Rodriguez told the judge that he was *not* asking for a reduction based on the unrelated state sentence.  Just one passing sentence in the background of his 10-page presentence filing references the lost opportunity for a concurrent sentences argument, and the same passing reference was reiterated at the sentencing hearing only as an afterthought to the principal argument on the appropriateness of a significant enhancement for a nearly 20-year-old drug conviction.  He neither cited cases from this or any other circuit permitting a court to reduce a sentence on these grounds nor advanced any argument for why such a reduction would be appropriate

or even permissible.  If Salas-Rodriguez did not think his lost opportunity to argue for a concurrent sentence warranted more than the passing reference he made to it, we see no reason to consider it one of his principal arguments.  Because this argument was not a "principal argument," (or even a minor argument citing some authority) the district court did not abuse its discretion by not addressing it.  The sentence is AFFIRMED.