NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 7, 2010
Decided April 30, 2010

**Before**

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 08-1714, 08-1715, 08-1716,
08-1717, 08-1718 & 08-1719

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee*,

  *v.*

THOMAS ROSS, JUAN HERNANDEZ,
JOSE RODRIGUEZ, FIDELMAR CORTES,
MARLON REGALADO, and
GERALD PITTMAN,
   *Defendants-Appellants*.

Appeals from the
United States District Court
for the Northern District
of Illinois, Eastern Division.

No. 99 CR 469

Robert W. Gettleman,
*Judge*.

**O R D E R**

  This dispute is now, regrettably, in its third decade.  It concerns a huge drug distribution conspiracy involving members of the Maniac Latin Disciples gang to peddle marijuana, cocaine, and crack in Chicago.  The gang drug dealing activities took place in the 1990's. Seventeen gang members were indicted in May of 2000 on 50 counts alleging drug and firearm offenses.  Ten were convicted (others pled guilty) after a 2001 jury trial

that lasted several months. Sentencing proceedings were strung out while the parties disputed the application of the guidelines, which at that time were mandatory. Ultimately, nine of ten defendants convicted in the trial appealed, and we affirmed their convictions in 2005. *United States v. Medina*, 430 F.3d 869 (7th Cir. 2005). Because by then, however, *United States v. Booker*, 543 U.S. 220 (2005), had reduced the guidelines to advisory status, we ordered that the case as to three defendants be returned to the district court for re-sentencing. Three other defendants also won full re-sentencing proceedings following limited remands pursuant to the procedure we outlined in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

The six defendants were re-sentenced in 2008. And now they are back here in 2010 challenging the new sentences they received. The six defendants and their old and new sentences are:

| Defendant | Original Sentence | Sentence After Remand |
| --- | --- | --- |
| Thomas Ross | Life | 360 months |
| Juan Hernandez | 360 months | 360 months |
| Jose Rodriguez | 292 months | 235 months |
| Fidelmar Cortes | 235 months | 200 months |
| Marlon Regalado | 324 months | 240 months |
| Gerald Pittman | Life | 360 months |

The defendants, in a joint brief, and Hernandez, in an individual brief, raise numerous issues to contest their new sentences. Almost all of the claims (things like drug type and drug quantity) are off the table at this point—a couple were waived, others lack merit. However, one issue deserves our attention. The defendants argue that the district court failed to consider whether the sentencing disparity between crack and powder cocaine was warranted in their cases in light of *Kimbrough v. United States*, 552 U.S. 85 (2007).

Whether the district court followed the proper sentencing procedures is a question of law subject to de novo review. *United States v. Mendoza*, 510 F.3d 749, 754 (7th Cir. 2007). We must ensure that the district court did not commit procedural error by, for example, failing to properly calculate the guidelines range or by failing to consider the sentencing factors noted in 18 U.S.C. § 3553(a). *United States v. Pape*, 2010 WL 1488521, at *2 (7th Cir. Apr. 15, 2010) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). While the district court is

not required to address every claim a defendant makes, it must consider arguments that are strong enough to merit discussion. *See United States v. Villegas-Miranda*, 579 F.3d 798, 801 (7th Cir. 2009).

*Kimbrough* was decided a few months before the defendants were re-sentenced. Although the defendants filed a joint memorandum concerning the case, the district court never directly addressed it during the re-sentencing proceedings. Moreover, the district judge made comments that suggest he felt constrained by the crack/powder disparity. He said he was "bound by the law as it stands now" while re-sentencing Ross and "the law is the law" while re-sentencing Pittman. In re-sentencing Hernandez, the district judge spoke as if he harbored the very concern *Kimbrough* sought to address: "[Y]ou talk about the disparity of crack and coke, and I agree that there is, I think that something should be done . . . . I hope that the nation wakes up to that. But right now the law is the law, and I'm enforcing it the way it is written, and that's a sad decision I have to make." Consequently, we're not sure the judge appreciated the wiggle room *Kimbrough* provides, and we believe a remand is warranted on this limited issue.

Therefore, we VACATE the sentences and REMAND to the district court for further proceedings in light of *Kimbrough*.[1] We do not, however, believe that a full-blown do-over of the proceedings, with defendants physically produced in Chicago, is necessary to fairly wrap up this case.

---

[1] The government argues that *Kimbrough* does not apply to Hernandez because he was sentenced as a career offender, relying on *United States v. Millbrook*, 553 F.3d 1057 (7th Cir. 2009). However, the holding in *Millbrook* was overruled by *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010).