NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 13, 2012
Decided June 22, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1019

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-Cr-195 |
| LUIS A. AGUIRRE-ARANA, *Defendant-Appellant*. | Rudolph T. Randa, *Judge*. |

**O R D E R**

Luis Aguirre-Arana was removed from the United States in 2007 after being convicted of battery in Wisconsin. He was found in the United States again in 2010 and pleaded guilty to illegal reentry. *See* 8 U.S.C. § 1326(a). At sentencing, the district court added 16 offense levels for Aguirre-Arana having been previously removed after a conviction for a felony crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). On appeal, Aguirre-Arana argues that the court failed to sufficiently address his argument that § 2L1.2 is flawed. We conclude that the court did all that was necessary to respond to that argument and thus affirm.

Aguirre-Arana, a Mexican citizen, came to the United States when he was a child but never completed the process to become a legal resident. He was convicted of 12 offenses,

including 2 batteries, before being removed from the United States in 2007. By late 2009, Aguirre-Arana had returned to the United States without authorization. Soon thereafter, police discovered that he possessed cocaine and committed a theft, but he was arrested for neither. It was not until his September 2010 arrest for disorderly conduct that immigration officials discovered Aguirre-Arana's illegal reentry. He was subsequently convicted of disorderly conduct and theft, and the possession charge is pending.

Aguirre-Arana was also charged with and pleaded guilty to reentering the United States without permission after having been removed. *See* 8 U.S.C. § 1326(a). In a written plea agreement, he conceded that his two battery convictions were aggravated felonies that subjected him to a statutory maximum of 20 years. *See id.* § 1326(b)(2).

The probation officer calculated a guidelines imprisonment range of 70 to 87 months. This calculation relied upon a base offense level of 8, a 16-level increase under § 2L1.2(b)(1)(A)(ii), a 3-level decrease for acceptance of responsibility, and a criminal history category of V. (Although the probation officer advised that both of Aguirre-Arana's battery convictions supported the 16-level increase, it seems that only one of his battery convictions qualifies. Under a 2011 amendment to § 2L1.2, *see* U.S.S.G. app. C, amend. 754, the increase is only 12 offense levels if the defendant's prior crime of violence does not receive any criminal history points, and one of Aguirre-Arana's battery convictions received no points. *See id.* § 4A1.2(d)(2)(B). But Aguirre-Arana does not make an issue of this mistake, and in any event Aguirre-Arana's other battery conviction is enough to support the 16-level increase.)

Aguirre-Arana did not object to the applicability of the 16-level increase (or any other aspect of the guidelines calculation) but instead argued that the district court should impose a below-guidelines sentence because § 2L1.2 is inherently flawed in three ways: it double counts a defendant's criminal history, was adopted by the Sentencing Commission without an empirical foundation or careful consideration, and recommends sentences that are unfairly high compared to the guidelines recommendations for "much more serious federal offenses." Aguirre-Arana also argued that his criminal history was overstated because he committed many of his crimes during a short period when he was young. He asked for a sentence of time served, about 14 months. The government argued that Aguirre-Arana's sizeable criminal history warranted a sentence longer than 14 months.

The district court accepted the probation officer's calculation of the guidelines range and imposed a sentence of 60 months' imprisonment, 10 months below the low end of the guidelines range. The court began by explaining that it would consider the guidelines range and the 18 U.S.C. § 3553(a) factors, and would impose a sentence no greater than necessary. The court stated that it would not give Aguirre-Arana a break because he had been removed

once before and the sentence needed to promote respect for the law. The court then emphasized Aguirre-Arana's criminal history, noting that his criminal behavior "has continued" and has been a "pattern." The court went on to explain that the guidelines "represent over two decades of sentencing wisdom" and that he was "relying upon the wisdom contained behind that recommendation." The court ended by acknowledging but rejecting Aguirre-Arana's challenge to the 16-level increase under § 2L1.2: the court reasoned that though "it stinks" that Aguirre-Arana committed the crime that made the increase applicable when he was young, it was nonetheless a crime serious enough that it caused his removal from the United States. In its statement of reasons, the court further emphasized that it imposed a sentence below the guidelines range because it "agreed with the defendant that his criminal history is over-stated but not [by] as much as counsel argued."

A sentencing court must address a defendant's principal, nonfrivolous arguments, but may pass over in silence those arguments that are clearly without merit. *United States v. Villegas-Miranda*, 579 F.3d 798, 801 (7th Cir. 2009); *United States v. Cunningham*, 429 F.3d 673, 678–79 (7th Cir. 2005). Aguirre-Arana contends that the district court committed procedural error by inadequately discussing his challenges to § 2L1.2. Specifically, he complains that the district court "failed to explicitly state that it considered the specific problems Mr. Aguirre-Arana raised concerning § 2L1.2."

Aguirre-Arana's argument that the district court was obligated to discuss his general attack on § 2L1.2 is unconvincing. Aguirre-Arana makes the leap that, because a sentencing court may disagree with the penal theories underlying a guideline, *see Spears v. United States*, 555 U.S. 261, 265–66 (2009); *United States v. Aguilar-Huerta*, 576 F.3d 365, 367 (7th Cir. 2009), a court must discuss a defendant's argument that the court should disagree with those theories. But this court has concluded otherwise, saying that a district court "need not even *consider* the argument" that a 16-level increase under § 2L1.2 is always unsound. *See United States v. Ramirez*, 675 F.3d 634, 640 (7th Cir. 2011) (emphasis in original); *Aguilar-Huerta*, 576 F.3d at 367–68. A district court is not required to "delve into the history of a guideline" to respond to a defendant's argument that would be more appropriately made to the Sentencing Commission. *United States v. Garthus*, 652 F.3d 715, 721 (7th Cir. 2011); *Aguilar-Huerta*, 576 F.3d at 368.

Insofar as Aguirre-Arana challenged the soundness of the guideline as it applied to him in particular, the district court adequately addressed the argument. The court explained that though Aguirre-Arana committed the offense that resulted in the 16-level increase when he was young, the offense was serious. It also noted Aguirre-Arana's criminal history and decided to rely on the "two decades of sentencing wisdom" represented by the guidelines. And in the end, the court imposed a sentence 10 months below the low end of

the guidelines range because it agreed that Aguirre-Arana's criminal history had been somewhat overstated. The court's statements show that it acknowledged Aguirre-Arana's argument but was not wholly persuaded because of his extensive and serious criminal history. Its consideration of the argument is enough to sustain Aguirre-Arana's sentence. *See United States v. Pape*, 601 F.3d 743, 749 (7th Cir. 2010) (upholding sentence when court "declin[ed] to explain its precise position on the general debates regarding the child pornography Guideline"); *United States v. Moreno-Padilla*, 602 F.3d 802, 813–14 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 897 (2011) (deciding court thoroughly addressed defendant's concerns about harshness of § 2L1.2 by "acknowledg[ing] the argument he was making and explain[ing] why it was unpersuasive in light of his criminal history").

AFFIRMED.