NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued May 22, 2012
Decided August 1, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 11-2360 & 11-2391

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| THOMAS ROSS and GERALD PITTMAN, *Defendants-Appellants.* | No. 1:99-cr-00469 |
| | Robert W. Gettleman, *Judge*. |

**O R D E R**

Thomas Ross and Gerald Pittman were convicted on drug and firearm offenses for their involvement in a large drug distribution conspiracy. We have twice heard their appeals and remanded for resentencing. The defendants now challenge their most recent sentences of 360 months. They argue that the district court should have reduced their sentences in light of the arguments they advanced in mitigation, particularly that they would have pleaded guilty but for the unconstitutionally mandatory sentencing guidelines pre-*Booker*. Because the defendants could have previously raised their arguments in mitigation but failed to do so, their arguments are waived. And

since the district court correctly followed our instructions for a limited remand, we affirm.

## I. BACKGROUND

In 2001, Ross and Pittman were convicted for their roles in a large drug distribution conspiracy involving the trafficking of marijuana, powder cocaine, and crack cocaine in Chicago. Both received life sentences under the mandatory sentencing guidelines in place at the time. We affirmed their convictions in *United States v. Medina*, 430 F.3d 869 (7th Cir. 2005), but remanded for resentencing in light of the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005), which held that the sentencing guidelines are advisory. *Id*. at 259.

The district court resentenced the defendants in 2008. Ross and Pittman sought below-guideline sentences of 300 months, presenting in mitigation arguments of difficult childhood environments and overstated criminal histories. The district court imposed 360-month sentences on both defendants. Ross and Pittman appealed and we granted a limited remand in light of *Kimbrough v. United States*, 552 U.S. 85 (2007). In *Kimbrough*, the Supreme Court clarified that courts may deviate from the 100-to-1 sentencing disparity between crack and powder cocaine offenses. *Id*. at 110. In our remand order, we stated, "[W]e're not sure the judge appreciated the wiggle room *Kimbrough* provides, and we believe a remand is warranted on this limited issue." *United States v. Ross*, 375 F. App'x 595, 596 (7th Cir. 2010) (unpublished). The order also included a footnote which called into question the mandatory nature of the career offender guideline given recent developments in our case law. *Id*. at 596 n.1. Finally, we made clear that we did "not, however, believe that a full-blown do-over of the proceedings, with defendants physically produced in Chicago, is necessary to fairly wrap up this case." *Id.* at 596.

On May 20, 2011, the district court sentenced Ross and Pittman for the third time. The court applied a one-to-one crack to powder ratio, completely eliminating the sentencing disparity, and it reconsidered each defendant's career offender status. Pittman's new Presentence Investigation Report ("PSR"), which the court requested after the second remand, suggested a guideline range of 360 months to life in prison. Defense counsel argued for a below-guideline sentence of 235 months given Pittman's post-conviction rehabilitation. The district court sentenced Pittman to 360 months because of his violent and consistent criminal history. The court noted, "[I]f anybody does [qualify as a career offender], it's Mr. Pittman."

Ross's new PSR also suggested a guideline range of 360 months to life in prison. Ross's counsel argued for a below-guideline sentence of between 20 and 25 years in part because Ross's criminal history was overstated and he would have pleaded guilty in 2001 if the guidelines had not been unconstitutionally mandatory. The district court stated that "even though . . . the career offender guidelines might be inappropriate in some cases, they're simply not inappropriate [here]" given Ross's leadership role in the conspiracy and his history of violent crimes. The court resentenced Ross to 360 months.

On May 25, 2011, Ross and Pittman moved the district court for reconsideration, arguing that their arguments in mitigation were overlooked. The court denied their motions. Ross and Pittman now appeal.

## II. ANALYSIS

We address first whether the district court properly followed our previous remand order. We review *de novo* the district court's determination of the scope of the remand. *United States v. Husband*, 312 F.3d 247, 251 (7th Cir. 2002); *United States v. Barnes*, 660 F.3d 1000, 1006 (7th Cir. 2011). "If this Court remands to correct a 'discrete, particular error that can be corrected . . . without . . . a redetermination of other issues, the district court is limited to correcting that error.'" *Barnes*, 660 F.3d at 1006 (quoting *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996)). And "any issue that could have been raised on appeal but was not is waived and, therefore, not remanded." *Id.* (citing *Husband*, 312 F.3d at 250-251); *see also United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) ("[P]arties cannot use the accident of remand as an opportunity to reopen waived issues.").

The remand order we issued instructed the district court to consider the "limited issue" of the "wiggle room *Kimbrough* provides" for departure from the then-existing sentencing disparity between crack and powder cocaine. *Ross*, 375 F. App'x at 596. We also highlighted, in a footnote, that our decision in *United States v. Millbrook*, 553 F.3d 1057 (7th Cir. 2009), was overruled by *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010) (en banc) (holding that a district court is entitled to disagree with the career offender guideline).

The district court correctly followed our remand order. The court chose to apply a one-to-one ratio, completely eliminating the crack-cocaine sentencing disparity. It also reconsidered Ross's and Pittman's career offender status, and stated on the record that their violent and consistent criminal histories supported the designation. This is precisely what we instructed the court to do.

The defendants claim that their sentences are substantively unreasonable and that the district court committed procedural error during resentencing. These arguments are without merit. The 360-month sentences are the lowest possible within the defendants' guideline ranges. As such, they are presumptively reasonable and are owed deference. *United States v. Leiskunas*, 656 F.3d 732, 737 (7th Cir. 2011) ("A within-guidelines sentence is presumed reasonable on appeal, and a lowest possible within-guidelines sentence will almost never be unreasonable." (citation omitted)). Nothing in the record suggests that the district court abused its discretion or committed procedural error in sentencing Ross and Pittman. On the contrary, viewed as a whole, the sentencing transcript shows that the district court considered each of the defendants' arguments in mitigation, including their claim that they would have pleaded guilty in 2001 if the life sentence called for by the guidelines had not been mandatory at the time. The court nevertheless found that the defendants' criminal histories outweighed the mitigating evidence and correctly refused to engage in a counterfactual inquiry of what might have been had the guidelines been advisory. *See* Sent'g Tr. 7-10, 17-19, 31.

The defendants waived their other arguments in mitigation by failing to raise them in their 2008 appeals. *See Barnes*, 660 F.3d at 1006; *see also Parker*, 101 F.3d at 528. If the defendants disagreed with the scope of our 2010 remand order, the appropriate course to resolve that disagreement was to file a timely petition for a rehearing, a petition for rehearing en banc, or a petition for writ of certiorari. The defendants did not pursue any of those options. Consequently, the district court was limited to considering the narrow issue presented in our remand order. It did so without error.

## III. CONCLUSION

For the reasons stated above, the defendants' sentences are **AFFIRMED**.