**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4058**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHNNIE O'NEIL LEWIS,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:09-cr-00368-F-1)

─────────────

Submitted:  September 14, 2012      Decided:  September 26, 2012

─────────────

Before SHEDD, DAVIS, and DIAZ, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnnie O'Neil Lewis appeals the eighty-seven-month sentence he received after we remanded his case for resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Lewis contends that the district court erred procedurally by failing to address his arguments for a sentence at the low end of the Guidelines range. We affirm.

When he was resentenced, Lewis' Guidelines range was 70-87 months. In support of his request for a sentence at the low end, Lewis reminded the court of the facts of his very difficult childhood, which had been detailed at the first sentencing, and informed the court that, while incarcerated, he had reflected on the harm he had done to the victim he robbed and his children's need for his presence in their lives. He also informed the court that he had acquired certain job skills, voluntarily entered a drug program, endeavored to further his education in an unspecified manner, and was determined not to go back to prison after his release. Before imposing sentence at the top of the Guidelines range, the district court made an individualized assessment of Lewis' situation in light of the sentencing factors set out in 18 U.S.C. § 3553(a) (2006), but did not specifically address his arguments for a sentence at the low end of the range.

We review a sentence for reasonableness under an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  This review requires consideration of both the procedural and substantive reasonableness of a sentence.  Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010).  The sentencing court "must make an individualized assessment based on the facts presented."  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (citing Gall, 552 U.S. at 50).  When the defendant "presents non-frivolous reasons" for a sentence different from the one the court imposes, the court is expected to provide at least "a brief explanation" or, if circumstances warrant, "a lengthier explanation" of its reasons for rejecting the defendant's argument.  Rita v. United States, 551 U.S. 338, 357 (2007).  If the sentence is within the Guidelines range, this court presumes on appeal that the sentence is substantively reasonable.  United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita, 551 U.S. at 346-56 (permitting appellate presumption of reasonableness for within-Guidelines sentence).

Here, the district court made an individualized assessment of Lewis and his offense as required.  Lewis contends that he offered non-frivolous reasons for a sentence at the low end of the Guidelines range, which the district court failed to address.  He relies principally on United States v. Villegas-

3

_Miranda_, 579 F.3d 798 (7th Cir. 2009), in which the Seventh Circuit found procedural error in the district court's failure to address an argument for a downward departure that had been held in other circuits to be sufficient to warrant a departure. _Id._ at 803. However, "a sentencing judge may reject without discussion 'stock arguments' that are made as a matter of routine." _United States v. Young_, 590 F.3d 467, 474 (7th Cir. 2009) (quotation marks and citation omitted). We conclude that Lewis' arguments were of this nature, and that the district court did not procedurally err in failing to address them specifically.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED