NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 29, 2013
Decided April 9, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 12-1544 & 12-1589

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Eastern District of Wisconsin. |
| v. | No. 2:11-cr-00185-CNC |
| LINDA F. TOWNSEND and ROSHUNDA M. SMITH, *Defendants-Appellants*. | Charles N. Clevert, Jr., *Judge*. |

**O R D E R**

Linda Townsend and her codefendant Roshunda Smith filed 174 fraudulent income-tax returns, causing the Internal Revenue Service to pay out nearly half a million dollars in refunds. Townsend and Smith each pleaded guilty to conspiracy to defraud the United States and received sentences at the low end of their Guidelines ranges. Townsend appeals her sentence, but Smith's attorney has moved to withdraw because he believes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). We affirm Townsend's sentence, grant the motion of Smith's attorney to withdraw, and dismiss Smith's appeal.

Smith and Townsend collected the names and identifying information of acquaintances and family members, including Townsend's two incarcerated sons. Then, using W-2 information from one of Smith's former employers, the two electronically filed tax returns misrepresenting these individuals' income and withholdings and falsely claiming certain tax credits. Townsend and Smith directed that the refunds be mailed to Townsend's address or electronically deposited in their own bank accounts or the accounts of other participants in the scheme. All told, the two attempted to bilk the IRS of about $1.5 million. The agency, however, detected problems with many of the returns and paid out only $450,000.

Smith and Townsend each pleaded guilty to a single count of conspiracy to defraud the United States. 18 U.S.C. § 286. The probation officer who prepared the presentence report calculated Townsend's offense level at 15, given a base offense level of 6, U.S.S.G. § 2B1.1(a)(2); a 12-level increase because the intended loss attributed to her was between $200,000 and $400,000, *id.* § 2B1.1(b)(1)(G); and a 3-level downward adjustment for acceptance of responsibility, *id.* § 3E1.1. Consistent with the parties' agreement, the probation officer recommended no adjustment to Townsend's offense level based on her role in the offense. This offense level, coupled with her category III criminal history, yielded an advisory sentence of 24 to 30 months' imprisonment.

The district court adopted the PSR's Guidelines calculations and sentenced Townsend to 24 months' imprisonment. In explaining its choice of sentence, the court highlighted the "tremendously serious nature of the offense" and the need to discourage others from committing tax fraud. The court also noted Townsend's role in encouraging others, including her children, to participate in the conspiracy.

Five days later, the district court sentenced Smith to 46 months' imprisonment. The court adopted the Guidelines calculations set forth in Smith's PSR, which called for a custodial sentence of 46 to 57 months, based on Smith's category II criminal history and a base offense level of 6, *see* U.S.S.G. § 2B1.1(a)(2), which was increased by 16 levels because Smith had claimed more than $1,000,000 in fraudulent tax refunds, *id.* § 2B1.1(b)(1)(I); 3 additional levels because Smith had assumed a managerial or supervisory role in the offense, *id.* § 3B1.1(b); and reduced by 3 levels for acceptance of responsibility, *id.* § 3E1.1. In sentencing Smith, the court acknowledged several mitigating factors but placed significance on the scheme's sophistication and the need to deter similar crimes.

On appeal, Townsend argues only that the district court erred by failing adequately to address her argument that her relatively minor role in the tax fraud warranted a below-Guidelines sentence. In a sentencing memorandum, Townsend asserted that she "worked for Smith" and that her role in the scheme was limited to allowing Smith to use her bank accounts and collecting the names of people Smith could use to file false returns. At sentencing,

Townsend's attorney noted that Townsend was "not a ringleader" and pointed out that the scheme involved many other participants who had not been charged with any crime. The district court, Townsend maintains, did not consider this argument at all.

Sentencing courts must consider defendants' principal arguments in mitigation. *See United States v. Chapman*, 694 F.3d 908, 913–14 (7th Cir. 2012). We have therefore remanded for resentencing when the district court fails even to mention a principal argument in mitigation, *see United States v. Robertson*, 662 F.3d 871, 879–80 (7th Cir. 2011); *United States v. Villegas-Miranda*, 579 F.3d 798, 801–02 (7th Cir. 2009); *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005), or when its discussion is so cursory that its reasons for rejecting the argument are not apparent, *see United States v. Schroeder*, 536 F.3d 746, 755–56 (7th Cir. 2008); *United States v. Miranda*, 505 F.3d 785, 792 (7th Cir. 2007). A district court need say very little, however, when its rationale is obvious from context and the record. *See Rita v. United States*, 551 U.S. 338, 358–59 (2007); *Schroeder*, 536 F.3d at 755; *Miranda*, 505 F.3d at 792. A court need not respond at all to "stock arguments," *see United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008), or arguments that lack factual support in the record, *see Chapman*, 694 F.3d at 914.

Here, although the district court did not explicitly respond to Townsend's contention that her reduced culpability warranted a below-Guidelines sentence, it made several observations, which, taken together, substantiate its ruling. First, in response to Townsend's attorney's comments at sentencing that Townsend was "not a ringleader," the court pointed out that she (unlike Smith) had received no enhancement for her role in the offense. And during its pronouncement of sentence, the court highlighted Townsend's role in the conspiracy, noting that "you weren't just filing returns, you were encouraging the filing of false returns and recruiting people to assist in this effort." Particularly troubling, in the court's view, was that Townsend had involved her four adult children in the crime. These remarks, which directly address Townsend's culpability, make clear why the court considered her role in the offense significant enough to merit a within-Guidelines sentence. *See Schroeder*, 536 F.3d at 755; *Miranda*, 505 F.3d at 792.

We note, too, that Townsend's argument has little support in the record. The Sentencing Guidelines address the average offender, *see United States v. McIlrath*, 512 F.3d 421, 424 (7th Cir. 2008), and Townsend did not argue that she was entitled to any reduction in offense level as a "minor" or "minimal" participant, *see* U.S.S.G. § B1.2, or explain how she was less culpable than the average violator of 18 U.S.C. § 286. Nor did she dispute that she was personally responsible for an intended loss of nearly $220,000 and participated in about one-third of the fraudulent returns. And though Townsend may have been less culpable than Smith, this fact is accounted for by the pair's Guidelines ranges: Smith received a 16-level upward adjustment for the loss amount attributed to her, *see* U.S.S.G. § 2B1.1(b)(1)(I), and a 3-level adjustment for

her supervisory role, *see id.* § 3B1.1(b), resulting in a sentence nearly twice the length of Townsend's.

We turn now to Smith's lawyer's motion to withdraw. Smith has not accepted our invitation to respond to the motion, *see* CIR. R. 51(b), and our review is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel begins by noting that Smith does not seek to withdraw her guilty plea and therefore properly refrains from addressing the voluntariness of her plea. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel goes on to consider whether any nonfrivolous issue could be raised regarding Smith's sentence. As counsel recognizes, any challenge to the district court's Guidelines calculations would be frivolous because the court adopted the probation officer's properly calculated Guidelines range and Smith did not object to the PSR, *see* FED R. CRIM. P. 32(i)(3)(A); *United States v. Isom*, 635 F.3d 904, 908 (7th Cir. 2011); *United States v. Thornton*, 463 F.3d 693, 700–01 (7th Cir. 2006). Although Smith initially intended to object to the 16-level upward adjustment based on the intended loss amount, and had reserved the right to dispute the upward adjustment for her supervisory role in the offense, counsel notes that she declined to pursue either objection.

Counsel next considers whether Smith could argue that her sentence is unreasonable. Within-Guidelines sentences are presumptively reasonable, *see Rita*, 551 U.S. at 347; *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010), and counsel cannot identify any reason to disregard that presumption. The district judge gave due consideration to the factors under 18 U.S.C. § 3553(a), balancing Smith's positive characteristics against the goals of sentencing. Smith, he noted, had survived a difficult childhood and had been doing "a pretty good job" taking care of her two young children. He also acknowledged that she had abstained from drug use, accepted responsibility for her actions, and complied with the conditions of her release. Despite these positive factors, the court declined to impose a below-Guidelines sentence, emphasizing the need to deter abuses of the tax system, *see id*. § 3553(a)(2)(B), and the relatively sophisticated nature of the scheme, *see id.* § 3553(a)(1). In light of this explanation, it would be frivolous for Smith to argue that her sentence was unreasonable.

Accordingly, we AFFIRM Townsend's sentence, GRANT Smith's counsel's motion to withdraw, and DISMISS Smith's appeal.