NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 9, 2013
Decided December 12, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1286

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

ALBERTO RAMIREZ-ORTEGA,
    *Defendant-Appellant.*

Appeal from the United States District
Court for the Northern District of Illinois,
Eastern Division.

No. 12 CR 286

Charles P. Kocoras,
*Judge.*

## O R D E R

Alberto Ramirez-Ortega contends that the district court failed to address his argument in mitigation that the federal government's three-year delay in bringing charges deprived him of the opportunity to serve his federal and state sentences concurrently. We affirm.

Ramirez-Ortega, a Mexican citizen, unlawfully entered the United States in 1994 when he was 13 years old. He first ran into trouble with the law at 17, and by 21 he had been convicted of attempted residential burglary, criminal damage to property, and

burglary, and also had racked up six other arrests. After his burglary conviction, he was removed to Mexico. He unlawfully returned to the United States within a year and was promptly arrested for cannabis possession. Over the next five years, Ramirez-Ortega continued his criminal activities and in 2009 was arrested for armed robbery. While he was being held on that charge, immigration authorities learned of his presence in the country. Soon afterward, he was convicted of the armed-robbery charge, in addition to a second armed-robbery charge brought while he was in custody, and he began serving these state sentences concurrently. But not until three years later, in 2012, was Ramirez-Ortega charged with unauthorized presence in the United States after removal, *see* 8 U.S.C. § 1326(a); he pleaded guilty to that charge.

Ramirez-Ortega sought a below-guidelines sentence to account for the three-year delay in bringing charges under § 1326(a). In his sentencing memorandum and at his hearing, Ramirez-Ortega asserted that if he had been charged with unlawful reentry when he was arrested in 2009 for armed robbery, the district court could have ordered him to serve his state and federal sentences concurrently under U.S.S.G. § 5G1.3. The government sought a sentence at the high-end of the guidelines range based on his extensive criminal history.

The district court sentenced Ramirez-Ortega to 96 months, the top of the guidelines range. The court said nothing about his argument regarding concurrent sentences, but justified its ruling by denouncing his violent criminal behavior upon entering this county. The court explained that this case, unlike any other illegal reentry case the court had heard before, warranted a top-of-the-guidelines sentence.

On appeal Ramirez-Ortega contends that the district court failed to adequately address his mitigation argument that the government's delay in charging him prevented him from serving his federal sentence concurrently with his state sentence. He relies primarily on *Villegas-Miranda,* 579 F.3d 798, 800 (7th Cir. 2009), in which we vacated the defendant's sentence because the district court failed to address his principal argument that he lost the opportunity to serve his state and federal sentences concurrently due to the government's purported delay in bringing a federal charge against him. But the district court's statements in this case reflect that it implicitly considered Ramirez-Ortega's challenge and deemed his conduct too reprehensible to warrant mitigation. Although the court did not specifically refer to the mitigation argument, the court need not be explicit where "anyone acquainted with the facts would have known without being told why the judge had not accepted the argument." *United States v. Cunningham*, 429 F.3d 673, 670 (7th Cir. 2005). The court here brushed

aside the attorney's argument, characterizing Ramirez-Ortega as "a danger to the community," "a menace to society," and "a violent person," adding that Ramirez-Ortega's extensive criminal history "washed away every ounce of mercy and consideration" he would otherwise have been given. Unlike *Villegas-Miranda,* where the court passed over in silence the defendant's argument for credit for time served in state prison, the district court's discussion here showed that it had considered Ramirez-Ortega's argument and provided a basis for rejecting it. "[A]s long as the sentencing court considers the argument[] made in mitigation, even if implicitly and imprecisely, the sentence imposed will be found reasonable." *United States v. Spiller*, 732 F.3d 767, 769 (7th Cir. 2013) (citation omitted).

AFFIRMED.