NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2014
Decided May 23, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2895

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:12CR00083-002 |
| MARCUS JOHNSON, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Marcus Johnson pleaded guilty to possessing with intent to deliver cocaine, *see* 21 U.S.C. § 841(a)(1), after police discovered cocaine in his pocket while arresting him as a suspect in a pistol-whipping and shooting, *see United States v. Howard*, 729 F.3d 655, 656–57 (7th Cir. 2013). The district court then determined that Johnson was a career offender, *see* U.S.S.G. § 4B1.1, and sentenced him to 150 months' imprisonment consecutive to any term of imprisonment that he might receive on charges pending in state court. Johnson's appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Johnson has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Counsel has

submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *United States v. Bey*, No. 13-1163, 2014 WL 1389090, at *2 (7th Cir. Apr. 10, 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel informs us that Johnson does not wish to challenge his guilty plea, so counsel properly forgoes discussing the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first considers whether Johnson could argue that the district court misapplied the career-offender designation. *See* U.S.S.G. § 4B1.1(a). A defendant qualifies as a career offender under § 4B1.1(a), if for instance he has at least two prior felony convictions for crimes of violence. A crime of violence is defined as an offense "punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Here, the district court determined that Johnson had two qualifying convictions: battery by prisoners, WIS. STAT. § 940.20(1) (for intentionally causing bodily harm to another inmate without the other's consent) and substantial battery, WIS. STAT. § 940.19(2) (for causing substantial bodily harm to another through an act intended to cause bodily harm). Because each offense carried a sentence of eighteen months and required that the defendant intentionally cause bodily harm, *see United States v. Peters*, 462 F.3d 716, 719–20 (7th Cir. 2006), counsel properly concludes that a challenge to the career-offender designation would be frivolous.

Counsel next considers whether Johnson could challenge the term of imprisonment as unreasonable, but properly concludes that such a challenge would be frivolous. The 150-month term is below his guidelines' range of 151 to 188 months and thus presumptively reasonable. *See United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Counsel has not identified any consideration rebutting that presumption, nor can we. The court considered the relevant 18 U.S.C. § 3553(a) factors—including the nature and circumstances of the offense (especially Johnson's attempt to destroy evidence by ingesting it while under arrest and possession of a gun provided by a "straw purchaser") and his history and characteristics (particularly his past and ongoing violent behavior), as well as the need to protect the community and achieve sentencing parity with similarly-situated offenders.

Finally counsel briefly discusses whether Johnson could argue that the district judge failed to justify why she imposed a consecutive sentence (as Johnson had sought a sentence that was concurrent). *See Howard*, 729 F.3d at 665; *United States v. Villegas-Miranda*, 579 F.3d 798, 802–04 (7th Cir. 2009). But we agree with counsel that it would be frivolous to press this argument on appeal. First, this argument was not well-developed in the district court—Johnson asserted only that he should receive a concurrent sentence because he already was facing a "lengthy sentence"—and thus did not require a response from the district judge. *See United States v. Young*, 590 F.3d 467, 474 (7th Cir. 2009); *Villegas-Miranda*, 579 F.3d at 801–02. Moreover, the judge's rejection of Johnson's request can be construed as an attempt to align Johnson's sentence with that of his co-defendant, who had received a consecutive sentence. *See Howard*, 729 F.3d at 665.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.