# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 08-2505

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSE AGUILAR-HUERTA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 CR 198—**Virginia M. Kendall**, *Judge.*

No. 08-3508

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DERRICK SHAREEF,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 CR 919—**David H. Coar**, *Judge.*

ARGUED JULY 7, 2009—DECIDED AUGUST 3, 2009

Before POSNER, KANNE, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge.*   We have consolidated these two sentencing appeals in order to flag a growing problem created by the *Booker* decision, which in the name of the Sixth Amendment demoted the federal sentencing guidelines to advisory status. Before there were guidelines, a federal judge in picking a sentence ranged essentially at will within the typically broad statutory sentencing limits, appellate review of the choice of sentence within those limits being minimal, even perfunctory. See *Wasman v. United States*, 468 U.S. 559, 563 (1984); *United States v. Barnes*, 907 F.2d 693, 695 (7th Cir. 1990); *United States v. Tomko*, 562 F.3d 558, 564 (3d Cir. 2009). The guidelines sought to narrow judicial discretion by creating sentencing ranges inside the statutory minimums and maximums and limiting departures from the applicable range. *Booker* unbound the sentencing judges from the guidelines; and while the judges are still required to consider them, *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009) (per curiam); *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007); *United States v. Smith*, 562 F.3d 866, 872 (7th Cir. 2009); *United States v. Quinones-Medina*, 553 F.3d 19, 22 (1st Cir. 2009), they may not ignore substantial arguments for deviating, *United States v. Castaldi*, 547 F.3d 699, 706 (7th Cir. 2008), and can if they wish reject the penal theories that inform the guidelines and (within reason) devise and follow a different penal theory. *Spears v. United States*, 129 S. Ct. 840, 843-44 (2009); *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007); *United States v. Herrera-Zuniga*, No. 08-1540, 2009 WL

1940382, at *14 (6th Cir. July 9, 2009); *United States v. Russell*, 564 F.3d 200, 204 (3d Cir. 2009).

But this new approach to sentencing, coupled with the requirement that appellate review of sentences is now to be robust, albeit deferential, *Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Higdon*, 531 F.3d 561, 562-63 (7th Cir. 2008); *United States v. Tomko, supra*, 562 F.3d at 567, unlike the attitude of almost total deference that prevailed before the guidelines were promulgated, invites defendants to so widen the scope of the sentencing hearing as to place (or at least try to place) an extremely heavy burden on the sentencing judge—as these two appeals illustrate.

Defendant Aguilar-Huerta came to the United States from Mexico with his parents when he was a child. At age 17 he pleaded guilty in state court to gang-related drive-by shootings and was sentenced to six years in prison. Paroled after two years, he was deported to Mexico but returned without permission a year later. Two years after that he was arrested and prosecuted for being illegally in the United States after having been deported. 18 U.S.C. § 1326(a). He challenges the 46-month below-guidelines sentence imposed for that offense.

The guidelines required a 16-level increase in his offense level because he had been deported after being convicted of an aggravated felony, U.S.S.G. § 2L1.2(b)(1)(A)(ii), and this, together with other guidelines adjustments, produced a guidelines sentencing range of 57 to 71 months. Although he received a below-range sentence, which can rarely be attacked successfully

on appeal, *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005); *United States v. Bendtzen*, 542 F.3d 722, 729 (9th Cir. 2008); *United States v. Curry*, 536 F.3d 571, 573 (6th 2008), he argues that the Sentencing Commission failed to fulfill its "institutional role" when it prescribed the 16-level enhancement. He points out that the enhancement "is not the result of the Commission's utilizing empirical data, national experience, or input from a range of experts in the field." The guideline has been criticized on that basis before. *United States v. Macias-Prado,* No. 08-CR-30, 2008 WL 2337088, at *3 (E.D. Wis. June 6, 2008); *United States v. Galvez-Barrios*, 355 F. Supp. 2d 958, 961-64 (E.D. Wis. 2005); see also *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009); *United States v. Loredo-Olvera*, No. 08-2769, 2009 WL 1350191, at *3 (8th Cir. May 15, 2009) (unpublished); *United States v. Jimenez-Hernandez*, No. 08-4041, 2008 WL 4748580, at *1 (4th Cir. Oct. 30, 2008) (unpublished).

A sentencing judge is free, as we said, to reject a guideline as inconsistent with his own penal theories; and rejecting a guideline as lacking a basis in data, experience, or expertise would thus be proper. But we do not think a judge is *required* to consider, not a nonfrivolous argument that a guideline produces an unsound sentence in the particular circumstances of the case, but an argument that a guideline is unworthy of application in *any* case because it was promulgated without adequate deliberation. He should not have to delve into the history of a guideline so that he can satisfy himself that the process that produced it was adequate to produce a good guideline. See *United States v. Huffstatler*, No. 08-2622, 2009 WL

1855161, at *3 (7th Cir. June 30, 2009); *United States v. O'Connor*, 567 F.3d 395, 398 (8th Cir. 2009); *United States v. Mondragon-Santiago*, *supra*, 564 F.3d at 366-67. For if he is required to do that, sentencing hearings will become unmanageable, as the focus shifts from the defendant's conduct to the "legislative" history of the guidelines.

Moreover, while if a defendant makes a nonfrivolous argument that a guideline is invalid the judge should consider the argument, there is no harm done if he doesn't consider it because the defendant can renew the argument on appeal; validity issues are issues of law. Aguilar-Huerta does not argue that the 16-level-increase guideline is invalid, but only that the district judge, as a matter of sentencing discretion, should not apply it—ever. But what is the space between invalidating a guideline and refusing ever to apply it because it's no good? We don't think there is any, and therefore there would be little point in remanding for resentencing so that the defendant could argue invalidity—which is what his argument amounts to, though not labeled as such—to the district judge.

Making a legal argument in the guise of an appeal to sentencing discretion is also the principal vice in Shareef's appeal. He pleaded guilty to attempting to use a weapon of mass destruction, 18 U.S.C. § 2332a(a)(2), namely hand grenades with which he wanted to kill shoppers at a mall. For this offense the guidelines sentencing range was 360 months to life; the judge sentenced him to 420 months. At the sentencing hearing the defendant's lawyer argued that the defendant "had already expressed reservations and doubts in the weeks leading

up" to the planned attack, which the government pre-
vented from occurring by supplying him through its paid
informant with disarmed grenades, but "the informant
was basically challenging him [the defendant], no, you
have to do this. He was exploiting their relationship to
bring him along to the point where he was arrested." That
is an entrapment defense. Having waived it by pleading
guilty, *United States v. Nash*, 29 F.3d 1195, 1201 (7th Cir.
1994); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir.
2002), the defendant could not require the judge to con-
sider it anew in sentencing. See *United States v. Dickey*,
924 F.2d 836, 839 (9th Cir. 1991); *United States v. Streeter*,
907 F.2d 781, 786-87 (8th Cir. 1990). Otherwise the sen-
tencing hearing would be the trial that the defendant
had waived by pleading guilty.

Granted, this principle would not hold in a case in which
"sentencing entrapment" was alleged—that is, a case in
which the government was accused of having induced
the defendant to engage in acts (for example, selling a
larger quantity of drugs than he had intended to) that
would earn him a heavier sentence. E.g., *United States v.
Turner*, 2009 WL 1675745, at *3 (7th Cir. June 17, 2009);
*United States v. Okey*, 47 F.3d 238, 240 n. 3 (7th Cir. 1995);
*United States v. Connell*, 960 F.3d 191, 197 n. 9 (1st Cir. 1992).
Sentencing entrapment if proved is a plausible ground
for leniency in sentencing and the judge would therefore
have to consider a nonfrivolous claim of such entrap-
ment. But this is not such a case.

The judge could if he wanted have given Shareef a lighter
sentence because he thought him impressionable and
weak-willed and that these were substantial mitigating

factors. But he was not required to do so and thus to traverse ground covered in the guilty-plea hearing, in which the defendant admitted that he had been predisposed to commit the crime with which he was charged.

We have to return briefly to Aguilar-Huerta's case to consider a properly individuated objection that he makes to the sentence: that the judge did not consider an argument unrelated to the "institutional" challenges to the guidelines. He returned from Mexico to the United States after being deported to be with his family, which was in the United States at the time, but now they're in Mexico and therefore, he argues, the probability that if deported he would again return is slight and so his prison sentence (though below the guidelines range) was too severe. The judge did not address the argument explicitly, but did not need to. She said she'd considered the mitigating factors urged by the defendant but had concluded that his involvement in gang violence was a compelling reason for a stiff sentence for reentering the United States illegally, just as the 16-level guideline increase implies. The defendant's family-reunion argument was barely worth discussing. He could have returned to Mexico when they moved back there. And remember that the basis for his sentence is that he returned to the United States without the Attorney General's permission; his failure to seek that permission greatly weakens the argument for leniency.

Both judgments are

AFFIRMED.