NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued October 14, 2009
Decided November 10, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-2103

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee* <br><br> *v.* <br><br> RICHARD SWEITZER, <br> *Defendant-Appellant* | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> No. 2:08-cr-243-3 <br><br> Charles N. Clevert, <br> *Chief Judge* |

### O R D E R

The defendant appellant Richard Sweitzer pleaded guilty to conspiring to distribute more than 100 grams of heroin, *see* 21 U.S.C. §§ 846, 841(a)(1), and received a within-guidelines range sentence of 46 months' imprisonment.  On appeal Sweitzer argues that the district court failed to consider his arguments for a below-range sentence and erroneously presumed the reasonableness of the guidelines sentence.  We affirm the sentence imposed by the district court as we are convinced after review that the court properly considered the § 3553(a) factors and that there is no evidence in the record substantiating that the court presumed that the guidelines were reasonable.

## I. Background

Sweitzer, an admitted heroin dealer, was engaged in facilitating the transfer of heroin totaling at least 400 grams but no more than 700 grams between a Milwaukee dealer and a buyer in Chicago. He admitted to engaging in approximately twenty-five such transactions, beginning in 2007. His role as the middle-man consisted of Sweitzer's acceptance of the cash wire transfers from his Chicago buyer and receiving the drugs from his dealer at a designated location in Milwaukee. He would then meet his Chicago buyer to arrange for the delivery of the heroin. After being implicated by his Milwaukee accomplice, Sweitzer was arrested in Milwaukee. At the time of his arrest, Sweitzer decided to cooperate with the officers and assisted in the arrest of his Chicago accomplice and shared pertinent information with the Milwaukee authorities covering the nature of their relationship. At this time, Sweitzer pleaded guilty to conspiring to distribute more than 100 grams of heroin. *See* 21 U.S.C. §§ 846, 841(a)(1). The Probation Officer's presentence investigation report concluded that based on the quantity of heroin, Sweitzer had a base offense level of 28 and proposed a two-level reduction pursuant to U.S.S.G. § 2D1.1(b)(11), he qualified for the safety-valve exception, and a three-level reduction pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility. Thus, Sweitzer's offense level of 23 and his Category I criminal history produced a guideline range of 46 to 57 months imprisonment.

The district court imposed a within-guideline sentence of 46 months imprisonment followed by three years of supervised release. At sentencing, the court discussed the lethal effects of heroin use and trafficking and the need for more adequate deterrence. The court also discussed several of Sweitzer's personal characteristics that were considered in the decision-making process, including Sweitzer's family, anger problems, drug addiction, and need for counseling at sentencing. The court also referred to Sweitzer's opportunity to take advantage of the safety valve exception, his lack of criminal history, his cooperation with the police and was satisfied and persuaded "that in this particular case the defendant will be justly punished and deterred, and the public will certainly be fully advised of this Court's view of . . . dealing" with heroin.

## II. Analysis

### A.     Sweitzer's Arguments for a Below-Range Sentence.

On appeal, Sweitzer insists that the court erroneously failed to consider his non-frivolous arguments for a below-range sentence. Initially, Sweitzer argues that the court ignored his argument that quantity-driven drug sentencing is inherently flawed and furthermore that the court must disregard quantity-driven drug sentencing because it is not

the product of careful study based on empirical evidence derived from individual sentencing decisions.

"[W]e do not think a judge is *required* to consider...an argument that a guideline is unworthy of application in *any* case because it was promulgated without adequate deliberation." *United States v. Aguilar-Huerta*, 576 F.3d 365, 367-68 (7th Cir. 2009) (emphasis original); *see also United States v. Huffstatler*, 571 F.3d 620, 623-24 (7th Cir. 2009) (stating that district courts may impose a sentence below the child-pornography guidelines based on a disagreement with them, but district courts are not required to do so). In *Aguilar-Huerta*, this court reasoned that if a judge is required to delve into the history of a guideline to satisfy himself that the process that produced it was adequate, sentencing hearings will become unmanageable and shift the focus from the defendant's conduct to the legislative history of the guidelines. *Aguilar-Huerta*, 576 F.3d at 368. Thus, the court was not required to consider this argument.

Next, Sweitzer argues that the court committed procedural error when it failed to consider his mitigating circumstances under 18 U.S.C. § 3553(a) that distinguished his case from comparable drug cases. He contends, for example, that his case differs from comparable drug cases for three reasons: (1) he had only one customer who personally consumed the heroin; (2) neither he, nor any of the other known participants in the drug ring, used, attempted, or threatened violence or were connected to any firearm or other weapon; and (3) he faced considerable economic pressure as a heroin addict and he was offered a premium to deliver drugs.

Sweitzer argues that the district court failed to consider the § 3553(a) factors during his sentencing. We disagree. The district judge is not required to apply each of the § 3553(a) factors mechanically or in a "checklist fashion, but instead in the form of an adequate statement of the judge's reasons, consistent with § 3553(a), for thinking the sentence that he has selected is indeed appropriate for the particular defendant. " *United States v. Dean*, 414 F.3d 725, 729 (7th Cir.2005). The judge did just that here. He certainly considered the nature and circumstances of the offense, § 3553(a)(1), when he observed that heroin trafficking was a serious crime and that Sweitzer's involvement contributed to the growing demand for the drug. He also considered Sweitzer's personal history and characteristics, § 3553(a)(1), when he acknowledged that Sweitzer can take advantage of the safety valve exception, had lifelong issues of drug abuse, family problems, and suffered from depression. He added that Sweitzer would benefit from counseling as part of supervision. *See also* § 3553(a)(2)(D). And he concluded that the 46-month sentence was necessary to protect the public and provide deterrence.

**B.      Presuming the Reasonableness of the Guidelines.**

Sweitzer next asserts that the court improperly applied a presumption of reasonableness to the guidelines. At sentencing, the court made generic statements about the dangers of heroin and the need for more effective deterrence in drug cases. These generic statements, according to Sweitzer, demonstrate the court's belief that cases involving heroin distribution must be decided according to the guidelines.

The district court did not apply a presumption of reasonableness to the guidelines. *See United States v. Allday*, 542 F.3d 571, 572-73 (7th Cir. 2008). As Sweitzer concedes, "nothing about the district court's remarks upon imposition of [the] sentence include an expressed belief that the guidelines are presumptively reasonable . . ." Indeed, the sentencing transcript establishes that the court did not apply a presumption of reasonableness. The court commented on the need for deterrence not in the context of the guidelines, but in responding to Sweitzer's general request for leniency in drug sentencing. Moreover, the judge's stated explanation for the sentence shows that he was well aware and appreciated the advisory nature of the guidelines: he considered and referred to Sweitzer's drug involvement as a young man, his family life, emotional difficulties, lack of a criminal history, decision to cooperate, and the general need for deterrence. *See, e.g.,* 18 U.S.C. § 3553(a)(2)(B); *United States v. Gooden*, 564 F.3d 887, 891 (7th Cir. 2009). Such consideration confirms that the court sentenced Sweitzer on the basis of the § 3553(a) factors, and not a presumption of reasonableness.

## Conclusion

We affirm the decision of the district court.