NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2010[*]
Decided June 24, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 09-1534

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
|    *v.* | No. 06 CR 138-2 |
| ISAIAH COLEMAN, <br>    *Defendant-Appellant.* | James B. Zagel, <br> *Judge.* |

**O R D E R**

Isaiah Coleman pleaded guilty to conspiracy to distribute cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 156 months' imprisonment. We remand for resentencing.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

At sentencing Coleman and the government presented evidence and arguments regarding the appropriate guidelines calculation. The government contended that Coleman should be held responsible for 29 kilograms of cocaine and 3 kilograms of fentanyl, which would yield a base offense level of 36, while Coleman argued that he was responsible only for the roughly 3 kilograms of cocaine seized by law enforcement after he was arrested, which would trigger a base offense level of 28. *See* U.S.S.G. § 2D1.1(c)(2), (6). The government also argued that Coleman should be give three more offense levels for supervising other members of the conspiracy, *see* U.S.S.G. § 3B1.1(b), and that he should not receive the reduction he sought for acceptance of responsibility, *see id.* § 3E1.1.

After hearing arguments, the district court declined to decide who was correct or to apply the sentencing guidelines at all. The guidelines, the court opined, are of little value in drug cases. The court recognized that a guidelines calculation begins with a determination of the amount of drugs involved in the conspiracy, but concluded that "there is one single guideline that ought to apply, and that is few or many." The court declared that it was "affirmatively refusing to fix an amount" except to say that Coleman belonged in the "many kilo" category.

As for the other guidelines adjustments, the district court pronounced that Coleman was a manager or supervisor (though without deciding whether he should be assessed two or three levels for his role in the offense), and that it was questionable whether Coleman had accepted responsibility. "[B]ut those points in the context of this case," the court opined, "are relatively insignificant."

The first step in sentencing a defendant is to correctly calculate the applicable guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007); *United States v. Vrdolyak*, 593 F.3d 676, 678 (7th Cir. 2010). The sentencing court is entitled to disagree with the result of a guidelines calculation or even to categorically reject the Sentencing Commission's policy choices. *Spears v. United States*, 129 S. Ct. 840, 843-44 (2009); *United States v. Aguilar-Huerta*, 576 F.3d 365, 366-67 (7th Cir.), *cert. denied*, 130 S. Ct. 811 (2009). Yet before imposing sentence, a judge must understand the Commission's recommendations, which reflect the goal of avoiding unwarranted disparities in sentencing, 18 U.S.C. § 3553(a)(6); *United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010) (en banc). The district court bypassed that important step in this case.

We accept the government's concession that the district court erred by refusing to determine the correct guidelines range.

VACATED and REMANDED.