**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 09-3020
————————

UNITED STATES OF AMERICA

v.

ISOME JOHNSON
A/K/A Ike Johnson

ISOME JOHNSON,
    Appellant

————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 09-cr-00148-001)
District Judge:  Honorable Dennis M. Cavanaugh
————————

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2010
————————

Before: BARRY, CHAGARES and VANASKIE, Circuit Judges

(Opinion Filed: November 24, 2010)
————————

OPINION
————————

BARRY, Circuit Judge

Isome Johnson appeals the 165-month prison sentence that the District Court

imposed after he pled guilty to one count of distribution and possession with intent to distribute crack cocaine. He argues that the Court committed procedural error by failing to meaningfully consider the factors in 18 U.S.C. § 3553(a). We will affirm.

## I.      BACKGROUND

Johnson waived indictment and pled guilty to a one-count Information charging him with distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). There was no dispute at sentencing that Johnson's offense level was 29, his criminal history category was VI, and the applicable Guidelines range was, therefore, 151-188 months. The District Court sentenced Johnson to 165 months of imprisonment.

Johnson timely appealed. He argues that his sentence was procedurally unreasonable because the District Court failed to give meaningful consideration to his arguments regarding (1) "the distorted operation of the career offender sentencing guidelines" and (2) his "need . . . to obtain vocational and rehabilitative assistance." (Appellant's Br. at 13.)

## II.     JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. A district court must engage in a three-step analysis to determine the appropriate sentence for a defendant. It must first correctly calculate the Guidelines range and then rule on any

motions for a departure from that range. *United States v. Lopez-Reyes*, 589 F.3d 667, 670 (3d Cir. 2009). After these two steps, neither of which is at issue in this appeal, the court must meaningfully consider the relevant factors in 18 U.S.C. § 3553(a).

When reviewing a sentence on appeal, we first "ensure that the district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the court committed no such error, and where, unlike here, the substantive reasonableness of the sentence is challenged, we review the substantive reasonableness of the sentence under an abuse-of-discretion standard. We must affirm "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

## III.    ANALYSIS

Johnson contends that the District Court committed procedural error by failing to meaningfully consider his arguments under § 3553(a) regarding the application of the career offender Guideline[1] and his "need" for vocational assistance and rehabilitation.

A district court must give a statement of reasons for the sentence it imposes, and

---

[1] The career offender Guideline is set forth in U.S.S.G. § 4B1.1, which provides in relevant part that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Johnson does not contest the District Court's conclusion that he met these requirements.

"[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). When the government or the defendant "properly raises a ground of recognized legal merit (provided it has a factual basis)," the court must do more than recite the § 3553(a) factors but "need not discuss and make findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing." *United States v. Kononchuk*, 485 F.3d 199, 204 (3d Cir. 2007).

### A. Career Offender Sentencing Guideline

In Johnson's sentencing memorandum, he argued that the District Court should decline to apply the career offender Guideline because it did "not reflect the [Sentencing] Commission's exercise of its characteristic institutional role" (A.53) and that the Court could and should refuse to apply that Guideline based on a policy disagreement with it. At the sentencing hearing, he also argued that "a sentence within the crack Guideline without the career-offender treatment . . . would be more than sufficient to serve the purposes of sentencing." (*Id.* at 81.)

On appeal, Johnson claims that the District Court did not consider or respond to his policy argument regarding the career offender Guideline. A district court, however, "is not required to engage in 'independent analysis' of the empirical justifications and deliberative undertakings that led to a particular Guideline." *Lopez-Reyes*, 589 F.3d at

4

671. *See also United States v. Aguilar-Huerta*, 576 F.3d 365, 368 (7th Cir. 2009), *quoted in Lopez-Reyes*, 589 F.3d at 671 (a sentencing judge "should not have to delve into the history of a guideline so that he can satisfy himself that the process that produced it was adequate to produce a good guideline. For if he is required to do that, sentencing hearings will become unmanageable, as the focus shifts from the defendant's conduct to the 'legislative' history of the guidelines." (citations omitted)).

At the sentencing hearing, the District Court did not engage in a general policy discussion of the career offender Guideline, but it explicitly rejected Johnson's claim that that Guideline should not apply to him. Johnson argues that the Court only "stated that it did not 'agree that the way to handle drug convictions is just to throw everybody in jail over the years.'" (Appellant's Br. at 18 (quoting A.86).) He argues that this was an insufficient response to his argument, but cuts short the Court's full statement. Before pronouncing sentence, the Court said the following:

> I think I've made no secret of the fact that I do not agree that the way to handle drug convictions is just to throw everybody in jail over the years. I've said that time and again. I just don't think it works.
>
> However, that's not the situation that I necessarily have here. This Defendant has been given numerous opportunities in the past. I just don't believe that he is sincere, and I am certain that if he is allowed to go out again, he's just going to continue this criminal life again in the future.
>
> I'm disturbed that he has not just confined his criminal activity to drug sale or drug use. Not that that's bad enough, he also has a violent criminal history involving domestic violence on more than one occasion, weapons possession, assaults, and a charge of first-degree murder, which apparently resulted, I think, in a manslaughter conviction . . . .

5

He's a danger to society. He sells drugs, commits violent crimes, and has done so his entire life. The public must be protected, and his activities must be punished.

(A.86-87.)

The District Court did not specifically state that it rejected Johnson's *policy* argument regarding the career offender Guideline, but under *Lopez-Reyes*, it was not required to do so. That aside, it is plain from the statement quoted above that the Court heard that argument, acknowledged it, and rejected it due to Johnson's long history of crime, including violent crime. The Court did not commit procedural error.

### B.     Vocational Assistance and Rehabilitation

Before the District Court, Johnson claimed that after his last period of incarceration he attempted to find legal, gainful employment. He had some short-lived success, but never found a regular, long-term job that could help support his family. He could not pay his household bills, and claimed to have returned to selling drugs after the electric company cut off power to his home. Johnson contended that he "need[ed] education, training, and a job." (A.47.) He argued that he could take full advantage of the rehabilitation and vocational training available in prison in a shorter period of time than the advisory Guideline range provided. According to him, the "factual basis" for this contention was that he "had long struggled with drug addiction and the lack of steady employment, and indeed committed the offense of conviction out of financial desperation given his lack of a serious vocational skill." (Appellant's Br. at 16.)

Johnson argues to us that the District Court neither meaningfully considered nor responded to this argument. We disagree. The Court acknowledged and responded to this argument by stating that Johnson had "numerous opportunities in the past" (A.86.), and did not think that he was "sincere" but instead believed that he would return to a life of crime. (A.86-87.) Again, the Court did not explicitly state that it rejected Johnson's arguments regarding "rehabilitation" or "vocational training," but it is apparent from the context of the Court's statement quoted above that, in fact, it did so.[2] The Court did not commit procedural error.

## IV. CONCLUSION

Because no procedural error was committed and the substantive reasonableness of Johnson's sentence has not been challenged, we will affirm the judgment of sentence.

---

[2] Johnson claims that the District Court only "made a generic statement . . . that it had considered 'the Defendant's history and characteristics and prior record.'" (Appellant's Br. at 17 (quoting A.86).) He argues that "such a perfunctory nod to § 3553(a) does not fulfill the district court's responsibility to address the parties' non-frivolous sentencing arguments." (*Id.*) Johnson ignores the Court's statements about his long criminal history – including violent crime – and its belief that he would not take advantage of another "opportunit[y]" but would instead return to a life of crime. Johnson also contends that the Court should have explained exactly what kind of "opportunities" he had in the past, but the Court is not obliged to be so specific.