NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————————

No. 12-2279
———————————

UNITED STATES OF AMERICA

v.

WILTON REYES-GUITERREZ,
a/k/a Richard Lee Colon-Lopez

Wilton Reyes-Guiterrez,
Appellant

———————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-11-cr-00255-001)
District Judge: Honorable Christopher C. Conner
———————————

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2013

Before:  SCIRICA, AMBRO, and FUENTES, Circuit Judges

(Opinion filed: January 15, 2013)

———————————

OPINION
———————————

AMBRO, Circuit Judge

1

Defendant/Appellant Wilton Reyes-Guiterrez pled guilty in the United States District Court for the Middle District of Pennsylvania to illegal re-entry, in violation of 8 U.S.C. § 1326. In calculating his range for sentencing purposes under the U.S. Sentencing Guidelines ("Guidelines"), the District Court imposed a 12-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(B). Reyes-Guiterrez was sentenced to 34 months' imprisonment and three years of supervised release, which sentence he now appeals. For the reasons that follow, we affirm that sentence.

I.

Reyes-Guiterrez is a citizen of the Dominican Republic who first illegally entered the United States in 1995. In March 1998, he was convicted of attempted criminal sale of cocaine in New York state court and sentenced to five years' probation. Because this conviction was an aggravated felony for drug trafficking as defined under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B), Reyes-Guiterrez was removed to the Dominican Republic in March 1999. Thereafter, he twice illegally re-entered, and subsequently was twice deported from, the United States. When he was removed for the third time, in March 2001, Reyes-Guiterrez was given a Form I-294 advising him that he was prohibited from applying for re-entry into the United States due to his 1998 aggravated felony conviction.

Not to be deterred, Reyes-Guiterrez illegally re-entered the United States yet again, and thereafter was arrested in June 2006 for selling cocaine to an undercover police officer and being found in possession of substantial quantities of cocaine and heroin. He was convicted of delivery of cocaine and possession with intent to deliver

heroin; the sentence was concurrent terms of incarceration of two to four years and five to ten years. In July 2010, while serving his sentence for these charges, Reyes-Guiterrez met with an Immigration Enforcement Agent and admitted having previously been ordered removed. Shortly thereafter, Reyes-Guiterrez was served with an I-871, Notice of Intent/Decision to Reinstate a Prior Order of Removal, resulting in the criminal conviction and sentence before us.

In December 2011, Reyes-Guiterrez pled guilty to a one-count grand jury indictment charging him with illegal re-entry, in violation of 8 U.S.C. § 1326(a) and (b)(2). The District Court accepted Reyes-Guiterrez's guilty plea and deferred sentencing pending preparation of a Presentence Report ("PSR"), which was issued in January 2012. The Guidelines assign a base offense level of eight to the crime of unlawfully entering the United States and provide a list of enumerated enhancements based on specific offense characteristics. *See* U.S.S.G. § 2L1.2 The PSR applied a 12-level enhancement on the ground that Reyes-Guiterrez had been "previously . . . deported, or unlawfully remained in the United States, after . . . a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less." U.S.S.G. § 2L1.2(b)(1)(B). After a three-level reduction for acceptance of responsibility, the PSR indicated Reyes-Guiterrez's total offense level was 17. Due to his six criminal history points,[1] the PSR designated Reyes-Guiterrez as having a criminal history category of III. No factors under 18 U.S.C. § 3553(a) were identified as warranting a sentence outside the advisory

_____

[1] Reyes-Guiterrez's 1998 and 2006 drug convictions discussed above were assigned one and three points, respectively, in addition to two points that were assigned for a 1999 conviction for illegal sale of a non-controlled substance.

Guidelines range. Based on an offense level of 17 and criminal history of III, his Guidelines range was 30–37 months' imprisonment.

Reyes-Guiterrez filed objections to the PSR, protesting (1) the 12-level increase applied to the computation of his offense level, and (2) the conclusion that no 18 U.S.C. § 3553(a) factors warranted a sentence shorter than set forth under the advisory Guidelines. In April 2012, after providing Reyes-Guiterrez an opportunity to submit a Sentencing Memorandum in support of his objections and holding a telephone conference with both parties to address the issues raised, the District Court denied Reyes-Guiterrez's objections to the PSR. As noted, the Court sentenced Reyes-Guiterrez to 34 months' imprisonment and a term of supervised release of three years. This timely appeal followed.[2]

## II.

Reyes-Guiterrez contests the substantive reasonableness of his sentence on appeal based on the same objections he made before the District Court.[3] Specifically, he challenges on policy grounds the District Court's imposition of the 12-level enhancement pursuant to § 2L1.2(b)(1)(B) based on his 1998 felony drug conviction. He further

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction over the final judgment of conviction and sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[3] Reyes-Guiterrez does not challenge his sentence's procedural validity; thus we apply an abuse-of-discretion standard in reviewing the substantive reasonableness of the sentence. *See United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). Our inquiry is limited to whether the sentence imposed "falls within the broad range of possible sentences that can be considered reasonable in light of the 3553(a) factors, [in which case] we must affirm." *Id.*

claims that the District Court failed to apply the § 3553(a) factors reasonably to the circumstances of his case. As explained below, both of these arguments fail.

Reyes-Guiterrez first argues that the § 2L1.2 enhancement is unfair as a matter of policy, and that the District Court thus abused its discretion in relying on it. Under *Kimbrough v. United States*, 552 U.S. 85 (2007), sentencing courts are free to disregard Guidelines ranges based solely on policy considerations or disagreements, *id.* at 101. "As this Court has made clear, however, *Kimbrough* does not require a district court to reject a particular Guidelines range where that court does not, in fact, have disagreement with the Guideline at issue." *United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009) (citing *United States v. Arrelucea-Zamudio*, 581 F.3d 142, 148–49 (3d Cir. 2009); *United States v. Gunter*, 462 F.3d 237, 249 (3d Cir. 2006)). We also do not require district courts to "engage in 'independent analysis' of the empirical justifications and deliberative undertakings that led to a particular Guideline." *Id.* (citing *United States v. Aguilar-Huerta*, 576 F.3d 365, 368 (7th Cir. 2009); *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009)).

Here, the District Court explicitly recognized its discretion to decline imposing the 12-level increase under § 2L1.2(b)(1)(B), a fact Reyes-Guiterrez concedes. The record further reflects that the District Court gave him a full opportunity to explain his objections to the enhancement and considered his policy arguments. The Court nonetheless found that the 1998 conviction, for which Reyes-Guiterrez was sentenced to five years' probation and received one criminal history point, was properly counted under § 2L1.2. Because it did not disagree with the Guideline, the Court's refusal to exercise

5

its discretion to disregard § 2L1.2(b)(1)(B) was no doubt permissible. *See United States v. Lopez*, 650 F.3d 952, 967 (3d Cir. 2011). Accordingly, Reyes-Guiterrez's challenge to the 12-level enhancement is unpersuasive.[4]

Our review of the reasonableness of the District Court's § 3553(a) analysis is two-fold. First, we "determine whether the trial court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record. Then, we ascertain whether those factors were reasonably applied to the circumstances of the case." *Lopez*, 650 F.3d at 963–64 (internal quotation marks and citations omitted).[5]

---

[4] Reyes-Guiterrez's ancillary arguments regarding the § 2L2.1 enhancement—*i.e.*, that the 1998 conviction is "stale" and was "double counted" because it was used to increase both his offense level and criminal history—are similarly unavailing. He cites no authority indicating that the passage of time can render such a prior conviction "stale" or otherwise ineffective for purposes of a later-imposed sentencing enhancement. With respect to "double counting," the cases Reyes-Guiterrez cites are readily distinguishable based on the nature of the offenses involved and the relevant criminal histories of the defendants. *See United States v. Santos*, 406 F. Supp. 2d 320, 327–28 (S.D.N.Y. 2005) (no criminal conduct after initial removal; underlying convictions related yet separately counted for criminal history and offense level); *United States v. Galvez-Barrios*, 355 F. Supp. 2d 958, 960, 964 (E.D. Wis. 2005) (one prior conviction involving mitigating circumstances; no violations of the law after re-entry). Further, while these cases illustrate district courts' authority to vary from Guidelines ranges deemed unreasonable, they fail to suggest that sentencing courts are not equally entitled to apply enumerated Guidelines enhancements they find reasonable and appropriate.

[5] The § 3553(a) factors to which a sentencing court must give consideration include:
    (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2)   the need for the sentence imposed--
        (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B)  to afford adequate deterrence to criminal conduct;
        (C)  to protect the public from further crimes of the defendant; and

Reyes-Guiterrez claims that the District Court's application of § 3553(a) was unreasonable because it failed to consider relevant evidence of his personal, family, and criminal history that was sufficient to warrant a sentence outside the applicable Guidelines range.[6] Our review of the record, however, indicates that the District Court considered and provided Reyes-Guiterrez ample opportunity to address that evidence. While giving due consideration to his particular history and characteristics, the District Court also considered the countervailing § 3553(a) consideration of the need for the sentence imposed. Particularly, the Court expressed concern with Reyes-Guiterrez's past criminal conduct and the potential for recidivism, given his multiple drug trafficking convictions, prior removals, and history of using fake names and aliases. This analysis is sufficient to show that it "adequately demonstrate[d] its exercise of 'independent judgment' and meaningful consideration of the relevant sentencing factors." *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010) (quoting *United States v. Sevilla*, 541 F.2d 226, 232 (3d Cir. 2008)).

Based on its assessment of the above factors, the District Court concluded a sentence in the middle of the Guidelines range was reasonable, and thus sentenced Reyes-

---

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

[6] Reyes-Guiterrez alleges the District Court failed adequately to consider evidence of, *inter alia*, the circumstances under which he had entered the United States, his family's location in this country, the already lengthy time he had spent incarcerated and detained, his medical conditions, and his stated intent not to return to the United States after his removal.

Guiterrez, as noted, to 34 months' imprisonment. In so doing, the Court explicitly stated that it found this sentence necessary to reflect the seriousness of the offense and to deter Reyes-Guiterrez and others from re-entering the United States and committing crimes when here. We are satisfied that this explanation met the Court's "obligation to provide sufficient justifications on the record to support the sentencing conclusion." *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 50 (2007)).

*    *    *    *    *

In sum, we conclude that the District Court gave adequate consideration to the § 3553(a) factors, and that the 34-month sentence it imposed on Reyes-Guiterrez was substantively reasonable  We thus affirm that sentence.