**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0765n.06

**No. 12-6099**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Aug 16, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| SYTHONG THANNAVONG, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

**Before:  MOORE and GRIFFIN, Circuit Judges; and SARGUS, District Judge.***

**SARGUS, District Judge.**  Sythong Thannavong ("Appellant") appeals the sentence of 120 months imprisonment, which the district court imposed, following her plea of guilty to charges of conspiracy to distribute and possess with intent to distribute methylenedioxymethamphetamine ("MDMA").  She contends that the district court erred by failing to address her challenge to the MDMA sentencing guidelines promulgated by the United States Sentencing Commission.  Appellant also asserts that the sentence was both procedurally and substantively unreasonable.  For the reasons that follow, we find no merit to her assignments of error and affirm the sentence imposed by the district court.

---

*The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

**I.**

On February 25, 2009, the grand jury returned a one-count indictment charging Appellant with conspiracy to distribute and possess with intent to distribute MDMA, in violation of 21 U.S.C. § 846. Pursuant to a plea agreement, Thannavong pleaded guilty to the single count.

Appellant arranged for the shipment and receipt of twenty parcels of MDMA and marijuana. She also arranged for wire-transfer of monies to the Fresno, California area to pay for such drugs. One transfer involved the mailing of $32,000 in drug proceeds. A search warrant was ultimately executed upon her residence, which revealed a large quantity of marijuana, scales, some MDMA, and a gun.

The presentence report determined that the relevant conduct consisted of 36,000 MDMA pills, together with 78 kilograms of marijuana. Under U.S.S.G. § 2D1.1, the quantity of drugs placed Appellant at an offense level of 34, with an additional two points assessed for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1).[1] In addition, the presentence report included a four-point enhancement, finding that Appellant was a leader or organizer of a criminal activity involving five or more persons, as delineated in U.S.S.G. § 3B1.1(a).[2] After receiving a three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), the total offense level computed in

---

[1]Appellant objected to the two-level enhancement for possession of a firearm, but later withdrew the objection.

[2]Appellant objected to the four-point assessment for leadership in a criminal organization. The district court overruled the objection. Appellant has not assigned error as to this issue.

the presentence report was 37. Having no substantial criminal record, her criminal history placed her in category I.

The statutory maximum available under the offense of conviction was 240 months, which capped the guidelines range at 210-240 months. The government made a motion for a reduction in sentence under U.S.S.G. § 5K1.1, given Appellant's substantial cooperation in the investigation and prosecutions of others. The district court granted the motion and departed downward by 4 offense levels, to 33, resulting in a final guidelines range of 135 to 168 months.

During the sentencing hearing, Appellant contended that the sentencing guidelines for MDMA related offenses were flawed and not grounded in sound policy or scientific fact. Appellant directed the district court to *United States v. McCarthy*, No. 09 Cr. 1136, 2011 WL 1991146 (S.D.N.Y. May 19, 2011), in which the court rejected the calculations made by the U. S. Sentencing Commission regarding the comparison under the drug equivalency tables, U.S.S.G. § 2D1.1, of each illegal drug to marijuana. Prior to 2001, the Sentencing Commission enacted guidelines which deemed one gram of MDMA to be the equivalent of thirty-five grams of marijuana. In 2000, Congress directed the Sentencing Commission to review and increase the penalties for MDMA. Children's Healthcare Act of 2000, Pub. L. No. 106-310, 114 Stat. 1101, 1241–45 (2000).

The Sentencing Commission thereafter filed a report with Congress and amended the guidelines to reflect that one gram of MDMA would now equal five hundred grams of marijuana. By comparison one gram of cocaine is deemed to equal two hundred grams of marijuana. *Report to Congress: MDMA Drug Offenses, Explanation of Recent Guideline Amendments* (2001).

In *McCarthy*, the district court disputed the findings of the Commission and held that (1) cocaine is more addictive; (2) MDMA is not more aggressively marketed to youths than cocaine; (3) cocaine causes more violence than MDMA; and (4) MDMA was mistakenly described as a hallucinogen. 2011 WL 1991146 at *1-4. The district court rejected the 2001 amendments to the drug equivalency table and instead adopted a 200 to 1 ratio of MDMA to marijuana, the same as applied to cocaine. *Id.* at *4.

Appellant asked the court to follow *McCarthy*, reject the current guideline, and adopt a 200 to 1 ratio for MDMA. The district court rejected the request and focused upon the large quantities of both marijuana and MDMA which constituted Appellant's relevant conduct. The district court also emphasized the role Appellant played as an organizer and leader, in a national scheme, which it found was entitled to more weight than the drug equivalency tables.

The district court imposed a sentence of 120 months, fifteen months below the sentencing guidelines range, as computed after the § 5K1.1 motion was granted. Under *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004), the district court permitted counsel for Appellant to place further objections on the record. Her counsel contended that the district court did not specifically address his argument that the MDMA guideline was flawed. The district court responded, "I will make it clear for you. It would not have made a difference." (Sent. Tr., Dist. Ct. Docket No. 500, 52).

**II.**

We review the sentence imposed by the district court for both procedural and substantive reasonableness. As to procedural reasonableness, we look to whether the district court "(1) properly calculated the applicable advisory Guidelines range; (2) considered the other [18 U.S.C.] § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties arguments for an outside-Guidelines sentence . . . ." *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007).

"'A sentence is substantively unreasonable if the sentencing court arbitrarily selected the sentence, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor.'" *United States v. Mitchell*, 681 F.3d 867, 881 (6th Cir. 2012) (*quoting United States v. Cunningham*, 669 F.3d 723, 728 (6th Cir. 2012)). A sentence within the sentencing guidelines range is presumptively reasonable; a sentence varying from the guidelines range is not subject to a presumption of unreasonableness. *Gall v. United States*, 552 U.S. 38, 47 (2007). Furthermore, when a defendant appeals a below-guidelines sentence, the defendant bears an even more demanding burden than overcoming a presumption of reasonableness which attaches to a within-guidelines sentence. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

**III.**

Appellant contends that the district court erred in rejecting her contention that the MDMA related guidelines and drug equivalency are flawed and should be disregarded. This contention is made in several permutations, each of which is addressed separately.

The first claim is that the district court failed to consider her argument regarding the MDMA guidelines, or at least failed to articulate the reasons for rejecting the argument. The record indicates otherwise. In response to Appellant's argument for a different ratio of MDMA to marijuana, the district court stated:

> . . . if this were a case of just possession by somebody who is youthful, and that's all he did was possess it, I would be inclined to address some of these policy considerations. But we're dealing here with somebody who set up a structure to market the drugs, which to me is different. It wasn't just the Ecstasy, it was marijuana. It wasn't just one transaction, there were many. It was national, interstate, in structure, in transactions, lots of money, weapons. And to me, that's a different set of dangers separate and apart from just the fact that Ecstasy is involved and the Commission thinks it's 500.
>
> For purposes of sentencing here, it's the facts of the offense and the commercial aspects of the offense that, to me, take it outside the scope of this policy differences on health effects or health dangers of Ecstasy.
>
> In addition, by statute you've got to consider disparities in sentences. And one of the defendants in this, who my recollection is – that was my next question, from the government's perspective, got 110 months, Mr. Ramsey.

(Sent. Tr., Dist.. Ct. Docket No. 500, 31-32).

The district court was required to articulate the rejection of Appellant's argument. It did that by emphasizing the large extent of the drug conspiracy, the national scope, the amount of money, and the large quantity of marijuana. The sentencing judge explained that the aggravated nature and

scope of the criminal conduct weighed against a substantial reduction in the sentencing guidelines, as would occur under Appellant's proposed rejection of the MDMA to marijuana ratio. The district court "set forth enough to satisfy [this] court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States,* 551 U.S. 338, 356 (2007).

Appellant urges this court to find that, under § 3553(a), a five hundred to one MDMA to marijuana ratio overstates the nature of the offense and the need for the sentence imposed. While this claim as to ratio may be true in an appropriate case, it is but one of many factors for the district court to consider under § 3553(a). As made clear in *Gall v. United States*, 552 U.S. at 51, we are to show deference to the district court in the application of the § 3553(a) factors.

Appellant bears a heavy burden in seeking reversal of a district court's decision to reject a categorical attack on the sentencing formula promulgated by the Sentencing Commission. Further, while she is correct insofar as a sentencing judge must address each non-frivolous argument made by a party at sentencing, this court has made clear:

> Moreover, Brooks cites no authority to support the proposition that a district court must, on its own initiative, examine the underlying bases for a Guideline before imposing a sentence. The Seventh Circuit has in fact rejected this line of argument:

> [W]e do not think a judge is required to consider . . . an argument that a guideline is unworthy of application in *any* case because it was promulgated without adequate deliberation. He should not have to delve into the history of a guideline so that he can satisfy himself that the process that produced it was adequate to produce a good guideline. For if he is required to do that, sentencing hearings will become unmanageable, as the focus shifts from the defendant's conduct to the "legislative" history of the guidelines.

> *United States v. Aguilar–Huerta*, 576 F.3d 365, 367–68 (7th Cir.2009) (citations omitted) (emphases in original). We agree with the above reasoning.

*United States v. Brooks*, 628 F.3d 791, 800 (6th Cir. 2011).

Similarly, we have held that "a district court may indeed disagree with a Guideline for policy reasons and *may* reject the Guidelines range based on that disagreement." *Id.* at 799 (*citing United States v. Herrera-Zuniga*, 571 F.3d 568, 585–86 (6th Cir. 2009)) (emphasis in original). But we have also made clear that "the fact that a district judge *may* disagree with a Guideline for policy reasons and *may* reject the Guidelines range because of that disagreement does not mean that the court *must* reject the Guidelines range if it disagrees." *Id.* at 800.

The sentencing judge considered the argument made by Appellant that the Sentencing Commission based the sentencing guidelines regarding MDMA upon flawed findings and assumptions. Given the facts in this case, the district court was not persuaded that the guidelines range should be rejected. We cannot say that such conclusion was unreasonable.

We summarily dispose of several other issues Appellant raises. The district court properly considered the sentences imposed upon other members of the same conspiracy. He reviewed the extent of the criminal behavior of the other defendants, the role each played in the conspiracy, and the extent and timing of cooperation. All of these factors are relevant to a final determination of a fair sentence under 18 U.S.C. § 3553(a). Finally, although the district judge did at one point confuse MDMA with methamphetamine, the mistake was made known at the sentencing hearing and any misunderstanding obviated.

The sentence imposed was below the sentencing guidelines range. Because this appeal is by Defendant-Appellant, a below-guidelines sentence is entitled to a presumption of reasonableness. *Curry*, 536 F.3d at 573. Further, because the sentence in this case is below the guidelines range, Appellant has an "even more demanding" burden. *Id.* We cannot say that the sentence imposed was unreasonable.

**IV.**

Based upon the foregoing, the sentence imposed by the district court is affirmed.