NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2013
Decided August 16, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3705

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-cr-10055-001 |
| ANN MARIE PIPER, *Defendant-Appellant.* | James E. Shadid, *Chief Judge.* |

**O R D E R**

Federal agents obtained a search warrant for Ann Marie Piper's house in Peoria, Illinois, after investigators in other states had uncovered images depicting Piper engaging in sexually explicit conduct with her minor daughter. The agents interviewed Piper, who confessed to producing the images and transmitting them over the Internet to a man in New York. Piper later pleaded guilty to sexual exploitation of a child. *See* 18 U.S.C. § 2251(a). Her guidelines calculations include upward adjustments in offense level because the crime had involved sexual contact with a minor under the age of 12, *see* U.S.S.G. § 2G2.1(b)(1)(A), (b)(2)(A); Piper had distributed the images, *see id.* § 2G2.1(b)(3); and the victim was her own child, *see id.* § 2G2.1(b)(5). Her total offense level of 43 and criminal-history category of I yielded a guidelines sentence of life imprisonment, which was adjusted to the statutory

maximum of 360 months. *See* 18 U.S.C. § 2251(a), (e); U.S.S.G. § 5G1.1(a). The district court sentenced Piper to 300 months.

Piper has filed a notice of appeal, but her appointed lawyer has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Piper has not accepted our invitation to respond to counsel's submission. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Piper has told counsel that she does not want to challenge her guilty plea, so counsel properly omits from his *Anders* submission any discussion about the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel tells us that he reviewed the district court's guidelines calculations but did not find even a potential claim to discuss. He does note, however, that the district court did not discuss Piper's argument for a term of 15 years, the statutory minimum, based on a categorical challenge to the soundness of the Chapter 2 guidelines for child-pornography crimes. Counsel considers whether Piper could argue that the district court committed procedural error by not responding to this argument at sentencing. But district courts are not required to address categorical challenges that are unconnected to the defendant's particular circumstances, *United States v. Schmitz*, 717 F.3d 536, 542 (7th Cir. 2013); *United States v. Garthus*, 652 F.3d 715, 721 (7th Cir. 2011); *United States v. Ramirez*, 675 F.3d 634, 640 (7th Cir. 2011); *United States v. Aguilar-Huerta*, 576 F.3d 365, 367–68 (7th Cir. 2009), so this potential claim of procedural error would be frivolous.

Counsel next considers whether Piper could challenge her prison sentence as unreasonable, but the lawyer appropriately rejects this potential argument as frivolous. Piper's sentence is below the guidelines range and thus presumptively reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Klug*, 670 F.3d 797, 800 (7th Cir. 2012), and counsel offers no reason to disturb that presumption. Moreover, the district court adequately assessed the factors in 18 U.S.C. § 3553(a), including the brevity of the incestuous conduct, the apparent rehabilitation of Piper's relationship with her daughter and husband, and the fact that the images likely will remain on the Internet and haunt her daughter throughout her life. The court reasonably concluded that a 300-month term is appropriate to reflect the seriousness of the offense and to promote respect for the law while protecting the public from further crimes of the defendant.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.